## Appeal of HARRY GOTTLIEB.                    Docket No. 890.

*Held:* That the taxpayer failed to prove that certain debts were ascertained to be worthless during the year 1920.

Submitted January 28, 1925; decided February 28, 1925.

*Ferdinand Tannenbaum, Esq.*, for the taxpayer..

*T. D. Binckley, Esq.*, and *A. H. Murray, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before IVINS, KORNER, and MARQUETTE.

### FINDINGS OF FACT.

During 1920 the taxpayer was engaged in business as a sole trader, wholesaling cotton and woolen goods. He had open accounts for merchandise sold to certain customers, as follows:

| | |
|---|---:|
| Eclipse Waist Co | $10,929.77 |
| A. Cohen | 1,541.95 |
| Brodsky Bros | 2,395.96 |
| Total | 14,867.68 |

Petitions in bankruptcy were filed against these debtors in 1920. The taxpayer continued to carry the accounts on his books and credit statements as assets after the close of the year. In forming a partnership with his brother he contributed these claims as assets. but later, in 1922, they were written off and his account in the partnership books reduced by the amount of them.

For the purpose of computing his 1920 income tax he claimed the sum of these accounts as a deduction for bad debts ascertained to be worthless and charged off during the taxable year. The Commissioner disallowed the deduction and determined a deficiency of $2,146.53. From such determination this appeal was taken.

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

IVINS: It does not appear whether the taxpayer claimed the deduction in dispute in his original return for 1920 or only in a report compiled in 1923 after audit by a field agent had demonstrated the necessity of a complete reconstruction of his accounts.

Without going into the question whether a taxpayer may regard a debt as worthless for tax purposes and be allowed a deduction therefor at the same time that he continues to regard it as an asset for the purpose of obtaining credit and otherwise utilizing it in his business, it is sufficient for us to say that the testimony adduced on behalf of the taxpayer was so indefinite in many respects and to such an extent in conflict with exhibits filed, both on his own behalf and by the Commissioner, that it failed to convince us that he did in good faith ascertain the debts to be worthless during 1920. With respect to one of them, an affidavit filed by him in proceedings before the Commissioner admits that he collected a substantial proportion in October, 1922, although from his testimony before us it would appear that he desired to give us the impression that he had never received anything on account of it. He presented as an exhibit for

the purpose of showing that he had not filed a claim in bankruptcy against this debtor a list of claims proven, upon which his name does not appear—but the certificate of the clerk of the bankruptcy court annexed thereto shows that it is only a copy of the second page of the schedule of distribution. Another similar schedule of distribution offered proves to be likewise fragmentary.

In all the circumstances we feel that the taxpayer has not proven his case and that the determination of the Commissioner must be allowed to stand.